'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| S.C., a minor by and through his Guardian Ad Litem Edgar Chang; EDGAR CHANG; and SOPHIA CHANG, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>ALASKA AIRLINES, INC.; and DOES 1 to 10, <br><br>　　　　Defendants. | CV 20-6245-RSWL-ASx <br><br>**ORDER re: Petition for Approval of Minor's Compromise** |
|---|---|

　　Plaintiffs S.C., by and through his guardian ad litem Edgar Chang; Edgar Chang; and Sophia Chang (collectively, "Plaintiffs") bring the instant personal injury action against Defendant Alaska Airlines, Inc. ("Defendant"). Currently before the Court is Plaintiff S.C.'s Sealed Petition for Approval of Minor's Compromise (the "Petition") [30]. The Court **GRANTS** the Petition.

1

## I. BACKGROUND

**A.  Factual Background**

Plaintiff S.C. is a minor who was eleven years old at the time of the incident giving rise to this Action. Notice of Removal Ex. A, at 1-2, ECF No. 1-1.  Defendant is a Delaware corporation with its principal place of business in Seattle, Washington.  Notice of Removal 3:11-12, ECF No. 1.

On or about May 17, 2018, Plaintiffs visited Defendant's Customer Convenience Lounge ("the Lounge") located on the premises of Los Angeles International Airport.  Notice of Removal Ex. A, ¶ 7, ECF No. 1-1. While Plaintiff S.C. was inside the Lounge, someone who appeared to be a member of Defendant's lounge staff offered him a cookie.  Id. ¶ 9.  Before accepting the cookie, Plaintiff S.C. allegedly asked the employee if the cookie contained nuts because S.C. is allergic to tree nuts.  Id.  Defendant's employee replied that the cookie did not contain nuts.  Id.  In reliance on that statement, Plaintiff S.C. accepted the cookie and began to eat it, thereby causing him to suffer an immediate and severe allergic reaction.  Id. ¶¶ 9-10.

As a result of the anaphylactic shock reaction, Plaintiff S.C. suffered "great mental distress, physical pain and suffering."  Id. ¶ 12.  Plaintiff S.C. alleges that Defendant's negligence was the proximate cause of his injury and that, as a result of the incident, Plaintiff S.C. incurred medical and incidental expenses.

Id. ¶¶ 1, 13.

**B.  Procedural Background**

On April 20, 2020, Plaintiff S.C. filed his Complaint [1-1] in the Superior Court of California, County of Los Angeles.  Defendant removed [1] this Action to federal court on July 14.  Plaintiff S.C. filed the instant Petition [30] on April 23, 2021, and Defendant filed a Statement of Non-Opposition [32] on April 29.

## II.  DISCUSSION

**A.  Legal Standard**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."  Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).  Thus, a district court "must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem."  Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (citations omitted).  In addition, this district's Local Rules provide that "[n]o claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree."  L.R. 17-1.2.

**B. Analysis**

Plaintiff S.C., through his guardian ad litem, has agreed to settle his claims against Defendant relating to the subject incident in consideration of a lump-sum payment of $15,000.00. Unopposed Pet. for Approval of Minor's Compromise ("Pet.") 3, ECF No. 30. Of the $15,0000.00 gross settlement, $3,750.00 would be allocated to attorney's fees, and $1,361.16 would be allocated to litigation costs. Id. at 5-6. After these deductions, Plaintiff would receive a net settlement amount of $9,888.84. Id. at 5-6.

1. The Proposed Settlement

The Ninth Circuit clarified that, in cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases . . . without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." Robidoux, 638 F.3d at 1181-82 (citing Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978)). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed

by the parties." Id. at 1182.

But the Ninth Circuit expressly limited this holding to cases involving the settlement of a minor's federal claims, noting that it did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." Id. at 1179 n.2. Here, the Court is sitting in diversity, and minor Plaintiff S.C.'s cause of action—negligence—is based on state substantive law. Thus, approval of the settlement may be governed by state law rather than the Robidoux standard.[1] Under California law, the Court is entrusted with determining whether the compromise is in the best interests of the minor. See Pearson v. Superior Ct., 202 Cal. App. 4th 1333, 1338 (2012); see also Goldberg v. Superior Ct., 23 Cal. App. 4th 1378, 1382 (1994).

Here, the settlement is fair, reasonable, and in

---

[1] District courts differ on whether Robidoux applies in the context of a minor's state law claims. Compare Vasquez, No. 119CV01610AWISAB, 2021 WL 2003211, at *3 (E.D. Cal. May 19, 2021) (applying Robidoux to settlement of minor's state law claims), Mugglebee v. Allstate Ins. Co., No. 14-CV-2474 JLS (JMA), 2018 WL 1410718, at *2 (S.D. Cal. Mar. 21, 2018) (same), and Arriaga ex. Rel. Bryson v. Target Corp., No. CIV. S-10-1167 LKK/KJM, 2012 WL 1720503, at *1 (E.D. Cal. May 15, 2012) (same), with Popal v. Nat'l Passenger R.R. Corp., No. 15-cv-00553-JSW (KAW), 2016 WL 9114149, at *2 (N.D. Cal. Oct. 24, 2016) (applying state law to settlement of state claims), and Chance v. Prudential Ins. Co. of Am., No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *2 & n.4 (E.D. Cal. June 29, 2016) (same). In this Action, however, the Court need not determine whether Robidoux or state law applies because the outcome under either is the same.

Plaintiff's best interests considering the facts and circumstances of this Action.  The settlement provides certain recovery as opposed to the uncertainty of continued litigation.  Although Plaintiff suffered an anaphylactic reaction as a result of the incident, he did not sustain any permanent physical injuries. Furthermore, the record does not indicate that Plaintiff has sought treatment for any other physical or emotional injuries related to the incident.

Although Plaintiff has not identified any similar actions to support the approval of the compromise, the Court finds the recovery appropriate in light of those received by minors in similar actions.  See, e.g., Motlagh v. Macy's Corp. Servs., Inc., No. 19-CV-00042-JLB, 2020 WL 7385836, at *5 (S.D. Cal. Dec. 16, 2020) (finding fair and reasonable a net settlement of $6,952.19 for personal injury claims of a minor that sustained physical injuries, including lacerations, abrasions, and contusions); M.W. v. Safeway, Inc., No. 2:18-cv-01404-BAT, 2019 WL 4511927, at *6-7 (W.D. Wash. Sept. 19, 2019) (finding, under Washington's comparable standard, a net settlement of $5,024.77 for personal injury claims of a minor that suffered a headache after the incident—but did not suffer headaches beyond the immediate time of the incident—to be fair and reasonable); Progressive N. Ins. Grp. V. Perry, No. 317CV00725MMDWGC, 2018 WL 5114137 at *2-3(D. Nev. Oct. 19, 2018) (finding, under Nevada's comparable standard,

a net settlement of $8,685.50 for personal injury claims of a minor plaintiff where the minor was discharged from the hospital without any recommended follow-up care to be fair and reasonable).

Based upon a consideration of the facts, Plaintiff S.C.'s claim, and the court-approved settlements in other cases, the Court concludes that the settlement and Plaintiff S.C.'s net recovery of $9,888.84 are fair, reasonable, and in his best interests.

### 2. Procedural Requirements

Local Rule 17-1.3 provides that, "[i]nsofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384." L.R. 17-1.3. California Rule of Court 3.1384, in turn, requires a petition for approval of a minor's compromise to comply with California Rules of Court 7.950 or 7.950.5, 7.951, and 7.952. Cal. R. Ct. 3.1384.

California Rule of Court 7.950 states that the petition "must be verified by the petitioner" and "must contain a full disclosure of all information that has any bearing upon the reasonableness of the compromise." Cal. R. Ct. 7.950. It further requires that the petition "be submitted on a completed Petition for Approval of Compromise of Claim or Action or Disposition of Proceeds of Judgment for Minor or Person With a Disability (form MC-350EX)," except as provided in

California Rule of Court 7.950.5. Id. Here, Plaintiff S.C. has complied with these requirements by submitting a completed form MC-350EX verified by Edgar Chang, the petitioner and Plaintiff S.C.'s guardian ad litem. See Pet. 8. The Petition and accompanying documentation provide the requisite information bearing upon reasonableness, including the facts of the case, details about the proposed settlement and its allocation, and information regarding attorney's fees and litigation costs.

California Rule of Court 7.951 mandates disclosure of certain information regarding any attorney who assisted in preparing the petition. See Cal. R. Ct. 7.951. The completed form MC-350EX, declaration of Plaintiff S.C.'s counsel, and attached Attorney-Client Agreement provide all required information.

California Rule of Court 7.952 requires that both the person petitioning on behalf of the minor and the minor attend the hearing on the petition unless the Court "for good cause dispenses with their personal appearance." Cal. R. Ct. 7.951. Because the Motion is unopposed and is suitable for decision without oral argument, good cause exists to approve the settlement without a hearing. Accordingly, no appearance is necessary.

3. Attorney's Fees & Litigation Costs

Local Rule 17-1.4 requires the Court to fix the amount of attorney's fees "[i]n all actions involving

the claim of a minor . . . whether resolved by settlement or judgment after trial." L.R. 17-1.4. In all cases under California Code of Civil Procedure § 372, the Court "must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor." Cal. R. Ct. 7.955(a)(1). The Court must also "give consideration to the terms of any representation agreement made between the attorney and the representative of the minor . . . and must evaluate the agreement based on the facts and circumstances existing at the time the agreement was made." Cal. R. Ct. 7.955(a)(2). In assessing whether the fee is reasonable, the Court may consider fourteen nonexclusive factors. See Cal. R. Ct. 7.955(b).

 Here, Plaintiff S.C.'s counsel seeks twenty five percent of the gross settlement amount, or $3,750.00, despite the Attorney-Client Agreement that Plaintiff S.C.'s counsel would receive thirty-three and one-third percent of any recovery if the matter resolves prior to the commencement of litigation and forty percent of any such amounts recovered thereafter. See Attach. 15(a) to Pet., ECF No. 30. Plaintiff S.C.'s guardian ad litem has approved the proposed attorney's fees. Id. The Court concludes that $3,750.00 in attorney's fees is reasonable considering the efforts expended, the number of hours worked, the results obtained, and counsel's many years of experience litigating personal injury

9

```
 1  actions.  Id.
 2      Plaintiff S.C. also incurred litigation costs in
 3  the amount of $1,361.16.  See form MC350EX at 5; Attach.
 4  15(b) to form MC350EX.  Because the $1,361.16 in
 5  expenses were directly related to this Action and do not
 6  appear to be excessive, the Court finds these costs to
 7  likewise be reasonable.
 8      4.  Disposition of Proceeds
 9      Local Rule 17-1.5 provides that "[a]ll monies or
10  property recovered on behalf of a minor . . . , either
11  by settlement or judgment, shall be paid into the
12  registry of the Court unless otherwise ordered by the
13  Court."  L.R. 17-1.5.  The net settlement proceeds will
14  be deposited into an interest-bearing, federally insured
15  blocked account owned by minor Plaintiff S.C., to be
16  withdrawn only upon the authorization of the Court until
17  Plaintiff S.C. attains the age of eighteen years.  See
18  Order to Deposit Money into Blocked Account ¶¶ 1, 4(a),
19  ECF No. 30-1.  The minor Plaintiff S.C.'s account is
20  with Wells Fargo Bank, on East Exchange Parkway in
21  Allen, Texas.  See Attach. 20(b)(2) to Pet.
22                   III.  CONCLUSION
23      Based on the foregoing, the Court GRANTS the
24  Petition and ORDERS as follows:
25      1.  The settlement of minor Plaintiff S.C.'s claim
26  against Defendant for payment in the total amount of
27  $15,000.00 is approved.
28      2.  Defendant, through its counsel, will prepare
```

and deliver to Plaintiff S.C.'s counsel a check in the amount of $15,000.00 within twenty-one (21) days of the date of this Order.

3. From Plaintiff S.C.'s $15,000.00 gross settlement award, Plaintiff S.C.'s counsel may deduct $3,750.00 for attorney's fees and $1,361.16 for litigation costs.

4. Plaintiff S.C.'s counsel will arrange for the deposit of Plaintiff S.C.'s net settlement proceeds, the amount of $9,888.84, into the Plaintiff's Fargo interest-bearing, federally insured blocked account. Within fourteen (14) days of receipt of Plaintiff S.C.'s net settlement proceeds of $9,888.84, Plaintiff S.C.'s counsel shall file under seal proof to the Court that the monetary amount was deposited and the depository's acknowledgement of receipt of this Order.

5. Plaintiff S.C.'s net settlement proceeds will remain in the account, and no withdrawals of principal or interest may be made from the blocked account without a written order under this case name and number, signed by a judicial officer, and bearing the seal of this Court, until Plaintiff S.C. attains the age of eighteen years. When Plaintiff S.C. attains the age of eighteen years, the depository, without further order of the Court, is authorized and directed to pay by check or draft directly to Plaintiff S.C., upon proper demand, all monies including interest deposited under this Order.

6. The parties will file stipulated dismissal documents within sixty days (60) of the entry of this Order.

**IT IS SO ORDERED.**

DATED: July 20, 2021    _____/s/ Ronald S.W. Lew_____
                        **HONORABLE RONALD S.W. LEW**
                        Senior U.S. District Judge